IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Johnson, Jr., #211574, ) | C/A No.: 1:15-3611-RMG-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Nathaniel Johnson, Jr. ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.   Factual and Procedural Background

The instant petition is the second habeas action filed by Petitioner in this court challenging the same convictions.[1] *See Johnson v. McFadden*, C/A No. 1:13-1794-RMG *("Johnson I")*. A review of Petitioner's prior case reveals that he was indicted in Beaufort County, South Carolina, in September 2006 for kidnapping, first degree criminal sexual conduct ("CSC 1st"), first degree burglary, and use of a firearm during the commission of

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (citation omitted).

a violent crime. *See Johnson I* at ECF No. 40. On March 12–14, 2007, a jury tried and found Petitioner guilty of kidnapping and CSC 1st, and not guilty on the burglary and firearm charges. *Id*. The trial judge sentenced Petitioner to concurrent sentences of 30 years for kidnapping and CSC 1st. *Id.* Petitioner filed a timely direct appeal, and the South Carolina Court of Appeals affirmed his convictions and sentences on December 11, 2008. *Id.* The remittitur issued on December 30, 2008. *Id.*

Petitioner filed an application for post-conviction relief ("PCR") on March 9, 2009. *Id.* The PCR court filed an order on October 17, 2011, denying Petitioner PCR relief. *Id.* Petitioner timely served and filed a notice of appeal by way of a petition for writ of certiorari. *Id.* On June 5, 2013, the South Carolina Supreme Court denied certiorari, and the remittitur issued on June 21, 2013. *Id.*

Petitioner filed *Johnson I* in this court in July 2013. This court considered the petition on the merits and granted respondent's motion for summary judgment. *Johnson I* at ECF No. 44. The instant petition seeks a writ of habeas corpus on the same convictions.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The instant petition seeks a writ of habeas corpus on the same convictions as in *Johnson I*. Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, or a motion to vacate sentence under 28 U.S.C. § 2255, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has thirty days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of

[28 U.S.C. § 2244(b)]." 28 U.S.C. §§ 2244(b)(3)(B)–(D). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Because there is no showing that Petitioner obtained authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the petition in the above-captioned case be dismissed. If the district court accepts this recommendation, Plaintiff's motion for disclosure [ECF No. 11] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 16, 2015                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).