# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathan Johnson, Jr., | No. 1:15-cv-03611-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Warden Joseph McFadden, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 17), recommending that the petition be dismissed as a successive petition. For the reasons stated below, the Court **ADOPTS** the R & R and **DISMISSES** the Petition.

Petitioner was convicted of criminal sexual conduct in the first degree and kidnapping on March 14, 2007. (Dkt. No. 1 at 1). He filed his first petition for federal habeas relief with regard to these convictions on July 9, 2013. *Johnson v. McFadden*, 1:13-cv-1794-RMG ("*Johnson I*"), Dkt. Nos. 1, 3. In *Johnson I*, the Court granted Respondent's motion for summary judgment finding all but one claim procedurally barred and finding that Petitioner had not satisfied either prong of *Strickland* with regard to the one ineffective assistance of counsel claim reached on the merits. *Id.*, Dkt. No. 44 (D.S.C. May 12, 2014). Petitioner filed this second petition on September 8, 2015. (Dkt. No. 1).

In his objections to the R & R, Petitioner argues that his "second petition is not a 'second petition or successive'" because "his first try" at federal habeas relief "was procedurally barred for failure to exhaust state court remedies." (Dkt. No. 20 at 2). Petitioner alleges that he filed an

appeal in his second PCR proceeding in 2015 and appears to believe this appeal exhausts his state court remedies. (Dkt. No. 1 at 3; *see also* Dkt. No. 20). Petitioner misunderstands procedural default; this doctrine is based on the premise that the petitioner has no further means of raising the issue before the state courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground."). In other words, he can no longer exhaust his state court remedies.

Regardless, this Court cannot consider a second or successive § 2254 petition unless Petitioner obtains a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). He has not done so. Therefore, the Court **ADOPTS** the R & R (Dkt. No. 17) and **DISMISSES** the petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

-3-

**IT IS SO ORDERED.**

_/s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

December 21, 2015
Charleston, South Carolina